UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN SHADD, et al., | No. 2:12-cv-002834 MCE KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On April 15, 2013, the County of Sacramento ("Sacramento"), Verne L. Speirs ("Speirs"), and Don Meyer ("Meyer") (collectively referred to as "Defendants") brought a Rule 12 (b)(6)[1] Motion to Dismiss the First Amended Complaint ("FAC") Marvin Shadd ("Shadd"), Psyche Hayes ("Hayes"), Gage Quinones ("Quinones"), Vernon Tidwell ("Tidwell"), Orlindo Myles ("Myles"), Carl. C. Randolph ("Randolph"), Joseph Anthony Nunez ("Nunez") and Oscar Constancio ("Constancio") (collectively referred to as "Plaintiffs") brought against them.  (ECF Nos. 6 and 14.)[2]

---

[1] All references to Rule or Rules refer to the Federal Rules of Civil Procedure.

[2] The other Defendants, including Tracy Bennet, Director of Sacramento County Department of Health and Human Services; Probation Staff Wilbon; Probation Officer Peralta; Probation Staff Greenhall, Probation Staff Lopez; Probation Staff Heinz; Probation Staff Arroyo; Probation Staff Carlos Smith, Probation Officer Earp; Probation Staff Tiara; Probation Staff Sanchez; Probation Staff Ballas; Probation Staff Cervantes; and Probation Staff Balls.  None of these Defendants joined the Motion to Dismiss (ECF N. 14-1), but Probation Staff Wilbon, Probation Staff Carlos Smith, Probation Officer Ronald Earp, James Terrel, and Probation Staff Jose Cervantes filed Answers.  (ECF Nos. 35-37.)  While the arguments made

Plaintiffs FAC includes four actions: (1) unnecessary, disproportionate, and excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution; (2) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution; (3) Due Process violations of the Fifth and Fourteenth Amendments; and (4) Violations of the First Amendment to the U.S. Constitution.  (ECF No. 6.)  For the reasons described below, the Court GRANTS Defendants' Motion to Dismiss.  (ECF No. 14.)[3]

## BACKGROUND[4]

Youth residents in the Sacramento County Juvenile Hall are subjected to an entrenched culture of violence arising from resident-resident and staff-resident violence that results in a pattern of unnecessary, disproportionate, and excessive force by probation officers that goes well beyond the good-faith effort to maintain or restore discipline.  The pervasiveness of staff-resident violence is the result of the frequent use of violent practices widely known by residents as "dipping" and "slamming," where Defendants slam, tackle, push, throw, trip, or drag Plaintiffs into solid surfaces or spray chemical irritants into their faces.  Defendants inflict excessive force for no reason at all or in response to Plaintiffs talking back to staff, failing to maintain proper position in line, standing up in a dorm room, looking up at staff, failing to get down quickly enough during unit alarms and talking during movies.  After the use of excessive force, Plaintiffs are sent to holding cells where they are deprived of outer clothing and left in their underwear with inadequate medical attention.

---

in Defendants' Motion apply equally to all Defendants, the Court may only sua sponte dismiss those Defendants who have not appeared and challenged the pleadings.  See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742–43 (9th Cir.2008).

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[4] The facts are taken, largely verbatim, from Plaintiffs' FAC.  (ECF No. 6.)

After these general allegations, Plaintiffs are listed in the following order: Shadd, Hayes, Quinones, Tidwell, Myles, Randolph, Nunez and Constancio. Below each Plaintiff's name, the excessive force the Plaintiff allegedly experienced is described. The Complaint is extremely vague. There is not a single date in Plaintiffs' Background section. It is unclear when any of the acts of violence allegedly happened. It is unclear when the any of the Plaintiffs resided in Sacramento County Juvenile Hall or whether any of the Plaintiffs still reside in Sacramento County Juvenile Hall. The only dates in the entire Complaint are the dates that Speirs' served as the Chief Probation Officer of Sacramento County and the date Meyer's tenure began.[5] Often, the alleged perpetrators of violence are unnamed and simply described as "probation staff."

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).

---

[5] Speirs served as the Chief Probation Officer from 1993 to 2009; Meyer began his service in 2009 and remains the Chief Probation Officer of Sacramento County. Thus, it is possible that Plaintiffs are alleging acts of violence dating as far back as 1993, but it is impossible to know from reading Plaintiffs' vague Complaint

1  A court is not required to accept as true a "legal conclusion couched as a factual
2  allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S.
3  at 555). "Factual allegations must be enough to raise a right to relief above the
4  speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R.
5  Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading
6  must contain something more than "a statement of facts that merely creates a suspicion
7  [of] a legally cognizable right of action.")).

8  Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion,
9  of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations
10 omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how
11 a claimant could satisfy the requirements of providing not only 'fair notice' of the nature
12 of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan
13 Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts
14 to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have
15 not nudged their claims across the line from conceivable to plausible, their complaint
16 must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it
17 strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery
18 is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236
19 (1974)).

20 A court granting a motion to dismiss a complaint must then decide whether to
21 grant leave to amend. Leave to amend should be "freely given" where there is no
22 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
23 to the opposing party by virtue of allowance of the amendment, [or] futility of the
24 amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
25 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
26 be considered when deciding whether to grant leave to amend). Not all of these factors
27 merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .
28 carries the greatest weight."

Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

It appears that Plaintiffs are alleging that the Defendants created or condoned a violent youth detention center and should be liable based on Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978). However, it is unclear when this culture began or how Defendants are responsible for creating it. Plaintiffs failed to provide the time, place, or circumstances of any of the alleged assaults on Plaintiffs by probation staff. Further, the Compliant did not state the nature and extent of any of the Plaintiffs' injuries. This Complaint "did not include sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca 652 F.3d 1202, 1216 (9th Cir. 2011). It is possible that Plaintiffs have a cause of action, but at this point the Court would be creating one for Plaintiff, and there is no "duty (on the part) of the trial court . . . to create a claim which [plaintiff] has not spelled out in his pleading," Doleman v. Meiji Mut. Life Ins. Co. 727 F.2d 1480, 1484 (9th Cir. 1984) (quoting Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975).

///
///
///
///

**CONCLUSION**

For the reasons described above, the Court GRANTS Defendants' Motion to Dismiss WITHOUT PREJUDICE. (ECF No. 14.) If no amended complaint is filed within twenty-one (21) days of the date this order is electronically filed, the causes of action against Sacramento, Speirs, Meyer, and the other Defendants who have not appeared in this case and challenged the pleadings will be dismissed with prejudice. Because Probation Staff Wilbon, Probation Staff Carlos Smith, Probation Officer Ronald Earp and Probation Staff Jose Cervantes filed Answers, not Motions to Dismiss (ECF Nos. 35-37), the causes of action against those Defendants will remain.

IT IS SO ORDERED.

Dated: August 21, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT