1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    MARVIN SHADD, et al.,                    No.  2:12-cv-002834 MCE KJN

12                Plaintiffs,

13          v.                                 **ORDER**

14    COUNTY OF SACRAMENTO, et al.,

15                Defendants.

16

17          On April 15, 2013, the County of Sacramento ("Sacramento"), Verne L. Speirs

18    ("Speirs"), and Don Meyer ("Meyer") (collectively referred to as "Defendants") brought a

19    Rule 12 (b)(6)[1] Motion to Dismiss the First Amended Complaint ("FAC") Marvin Shadd

20    ("Shadd"), Psyche Hayes ("Hayes"), Gage Quinones ("Quinones"), Vernon Tidwell

21    ("Tidwell"), Orlindo Myles ("Myles"), Carl. C. Randolph ("Randolph"), Joseph Anthony

22    Nunez ("Nunez") and Oscar Constancio ("Constancio") (collectively referred to as

23    "Plaintiffs") brought against them.  (ECF Nos. 6 and 14.)[2]

24          _____

            [1] All references to Rule or Rules refer to the Federal Rules of Civil Procedure.

25
            [2] The other Defendants, including Tracy Bennet, Director of Sacramento County Department of
26    Health and Human Services; Probation Staff Wilbon; Probation Officer Peralta; Probation Staff Greenhall,
      Probation Staff Lopez; Probation Staff Heinz; Probation Staff Arroyo; Probation Staff Carlos Smith,
27    Probation Officer Earp; Probation Staff Tiara; Probation Staff Sanchez; Probation Staff Ballas; Probation
      Staff Cervantes; and Probation Staff Balls.  None of these Defendants joined the Motion to Dismiss (ECF
28    N. 14-1), but Probation Staff Wilbon, Probation Staff Carlos Smith, Probation Officer Ronald Earp, James
      Terrel, and Probation Staff Jose Cervantes filed Answers.  (ECF Nos. 35-37.)  While the arguments made

1  Plaintiffs FAC includes four actions: (1) unnecessary, disproportionate, and excessive
2  force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution;
3  (2) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments
4  to the U.S. Constitution; (3) Due Process violations of the Fifth and Fourteenth
5  Amendments; and (4) Violations of the First Amendment to the U.S. Constitution.  (ECF
6  No. 6.)  For the reasons described below, the Court GRANTS Defendants' Motion to
7  Dismiss.  (ECF No. 14.) [3]

8

9  **BACKGROUND[4]**

10

11  Youth residents in the Sacramento County Juvenile Hall are subjected to an
12  entrenched culture of violence arising from resident-resident and staff-resident violence
13  that results in a pattern of unnecessary, disproportionate, and excessive force by
14  probation officers that goes well beyond the good-faith effort to maintain or restore
15  discipline.  The pervasiveness of staff-resident violence is the result of the frequent use
16  of violent practices widely known by residents as "dipping" and "slamming," where
17  Defendants slam, tackle, push, throw, trip, or drag Plaintiffs into solid surfaces or spray
18  chemical irritants into their faces.  Defendants inflict excessive force for no reason at all
19  or in response to Plaintiffs talking back to staff, failing to maintain proper position in line,
20  standing up in a dorm room, looking up at staff, failing to get down quickly enough during
21  unit alarms and talking during movies.  After the use of excessive force, Plaintiffs are
22  sent to holding cells where they are deprived of outer clothing and left in their underwear
23  with inadequate medical attention.

24

25  in Defendants' Motion apply equally to all Defendants, the Court may only sua sponte dismiss those
   Defendants who have not appeared and challenged the pleadings.  See Abagninin v. AMVAC Chem.
26  Corp., 545 F.3d 733, 742–43 (9th Cir.2008).

27  [3] Because oral argument will not be of material assistance, the Court orders this matter submitted
   on the briefs.  E.D. Cal. Local Rule 78-230(h).

28  [4] The facts are taken, largely verbatim, from Plaintiffs' FAC.  (ECF No. 6.)

2

1    After these general allegations, Plaintiffs are listed in the following order: Shadd,

2    Hayes, Quinones, Tidwell, Myles, Randolph, Nunez and Constancio.  Below each

3    Plaintiff's name, the excessive force the Plaintiff allegedly experienced is described.  The

4    Complaint is extremely vague.  There is not a single date in Plaintiffs' Background

5    section.  It is unclear when any of the acts of violence allegedly happened.  It is unclear

6    when the any of the Plaintiffs resided in Sacramento County Juvenile Hall or whether

7    any of the Plaintiffs still reside in Sacramento County Juvenile Hall.  The only dates in

8    the entire Complaint are the dates that Speirs' served as the Chief Probation Officer of

9    Sacramento County and the date Meyer's tenure began.[5]  Often, the alleged

10   perpetrators of violence are unnamed and simply described as "probation staff."

11

12                                   **STANDARD**

13

14   On a motion to dismiss for failure to state a claim under Federal Rule of Civil

15   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

16   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

17   Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

18   statement of the claim showing that the pleader is entitled to relief" in order to "give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

20   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

21   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

22   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

23   his entitlement to relief requires more than labels and conclusions, and a formulaic

24   recitation of the elements of a cause of action will not do."  Id. (internal citations and

25   quotations omitted).

26   _____

27       [5] Speirs served as the Chief Probation Officer from 1993 to 2009; Meyer began his service in 2009
     and remains the Chief Probation Officer of Sacramento County.  Thus, it is possible that Plaintiffs are
     alleging acts of violence dating as far back as 1993, but it is impossible to know from reading Plaintiffs'
28   vague Complaint

                                          3

1    A court is not required to accept as true a "legal conclusion couched as a factual

2    allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S.

3    at 555).  "Factual allegations must be enough to raise a right to relief above the

4    speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R.

5    Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading

6    must contain something more than "a statement of facts that merely creates a suspicion

7    [of] a legally cognizable right of action.")).

8         Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion,

9    of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations

10   omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

11   a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

12   of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan

13   Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts

14   to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have

15   not nudged their claims across the line from conceivable to plausible, their complaint

16   must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it

17   strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery

18   is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

19   (1974)).

20        A court granting a motion to dismiss a complaint must then decide whether to

21   grant leave to amend.  Leave to amend should be "freely given" where there is no

22   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

23   to the opposing party by virtue of allowance of the amendment, [or] futility of the

24   amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

25   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

26   be considered when deciding whether to grant leave to amend).  Not all of these factors

27   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

28   carries the greatest weight."

                                                4

1  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal

2  without leave to amend is proper only if it is clear that "the complaint could not be saved

3  by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056

4  (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon

5  Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be

6  granted where the amendment of the complaint . . . constitutes an exercise in

7  futility  . . . .")).

8

9                                            **ANALYSIS**

10

11         It appears that Plaintiffs are alleging that the Defendants created or condoned a

12  violent youth detention center and should be liable based on Monell v. Dep't of Social

13  Services of City of New York, 436 U.S. 658 (1978).  However, it is unclear when this

14  culture began or how Defendants are responsible for creating it.  Plaintiffs failed to

15  provide the time, place, or circumstances of any of the alleged assaults on Plaintiffs by

16  probation staff.  Further, the Compliant did not state the nature and extent of any of the

17  Plaintiffs' injuries.  This Complaint "did not include sufficient allegations of underlying

18  facts to give fair notice and to enable the opposing party to defend itself effectively."

19  Starr v. Baca 652 F.3d 1202, 1216 (9th Cir. 2011).  It is possible that Plaintiffs have a

20  cause of action, but at this point the Court would be creating one for Plaintiff, and there

21  is no "duty (on the part) of the trial court . . . to create a claim which [plaintiff] has not

22  spelled out in his pleading," Doleman v. Meiji Mut. Life Ins. Co. 727 F.2d 1480, 1484

23  (9th Cir. 1984) (quoting Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169

24  (6th Cir. 1975).

25  ///

26  ///

27  ///

28  ///

1

**CONCLUSION**

2

3        For the reasons described above, the Court GRANTS Defendants' Motion to

4    Dismiss WITHOUT PREJUDICE.  (ECF No. 14.)  If no amended complaint is filed within

5    twenty-one (21) days of the date  this order is electronically filed, the causes of action

6    against Sacramento, Speirs, Meyer, and the other Defendants who have not appeared in

7    this case and challenged the pleadings will be dismissed with prejudice.  Because

8    Probation Staff Wilbon, Probation Staff Carlos Smith, Probation Officer Ronald Earp and

9    Probation Staff Jose Cervantes filed Answers, not Motions to Dismiss (ECF Nos. 35-37),

10   the causes of action against those Defendants will remain.

11        IT IS SO ORDERED.

12   Dated:  August 21, 2013

13

14

15                                                    _____

16                                        MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28