UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN SHADD, et al., | No. 2:12-cv-02834-MCE-KJN |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On September 13, 2013, Plaintiffs Shadd, Costa, Fields, Ford, et al. (hereafter collectively "Plaintiffs") filed a consolidated Second Amended Complaint ("SAC") against the County of Sacramento and employees of the Sacramento County Probation Office. See Compl., ECF No. 42. Plaintiffs' SAC includes claims originally brought in four separate actions, *Ford et. al. v. County of Sacramento, et. al.* (Eastern District Case No. 2:12-cv-02837-WBS-JFM); *Costa, et. al. v. County of Sacramento, et. al.* (Eastern District Case No. 2:12-cv-02836-KJM-AC); *Fields, et. al. v. County of Sacramento, et. al.* (Eastern District Case No. 2:12-cv-02862- KJM-CKD); and *Shadd, et. al. v. County of Sacramento, et. al.* (Eastern District Case No. 2:12-cv-02834-MCE-KJM).

///

///

1

On June 19, 2013, this Court consolidated the aforementioned actions for pretrial purposes.  See Order, ECF No. 28.[1]  On September 30, 2013, Defendants County of Sacramento, Verne L. Speirs, and Don Meyer (collectively referred to as "Defendants") moved to dismiss the SAC (hereafter "Motion").  Mot., ECF No. 47.  Defendants Carlos Smith and Ronald Earp filed a joinder that same day.  Notice, ECF No. 48.  The remaining defendants ("non-moving Defendants") have not taken any action with respect to the SAC.  Because the arguments made in Defendants' Motion apply equally to all Defendants and no Defendants filed an answer to the SAC, the Court may nonetheless *sua sponte* dismiss claims pled against even those Defendants who have not yet appeared. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742–43 (9th Cir. 2008).[2]

    Plaintiffs allege claims for excessive force and due process violations under the Fourth and Fourteenth Amendments.  Compl., ECF No. 42.  For the following reasons, Defendants' Motion is GRANTED with leave to amend.[3]

///

///

///

---

[1] The parties were directed that all pretrial documents for the *Ford*, *Costa*, *Fields*, and *Shadd* cases are to be filed on the *Shadd* docket.  Order, ECF No. 28.

[2] In its order dismissing Plaintiffs' First Amended Complaint ("FAC"), this Court dismissed the claims against Sacramento, Speirs, Meyer, and the other defendants who had not appeared in this case and challenged the pleadings.  See ECF No. 41.  However, because Probation Staff Wilbon, Probation Staff Carlos Smith, Probation Officer Ronald Earp, and Probation Staff Jose Cervantes filed Answers (ECF Nos. 35-37), as opposed to Rule 12 motions, the causes of action in the FAC against those defendants remained before the Court.  Id.  When Plaintiffs filed their SAC, however, that pleading superseded the FAC.  See Lacey v. Maricopa Cnty., 693 F.3d 896, 927-28 (9th Cir. 2012) (noting "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect").  Therefore, those claims in the FAC against Wilbon, Smith, Earp and Cervantes that had nonetheless survived this Court's order dismissing Plaintiffs' FAC, (ECF No. 41), but were not repled in Plaintiffs' SAC, were deemed voluntarily dismissed.  See id. (noting that claims voluntarily dismissed—claims not dismissed by the court with prejudice or without leave to amend—will be considered to be relinquished if not repled in a subsequent complaint).  Accordingly, only those claims pled in the SAC are currently before the Court.

[3] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

# BACKGROUND[4]

Plaintiffs were youth residents in Sacramento County's Warren E. Thornton Youth Center, Youth Detention Facility, and the Carson Creek Boys Ranch (collectively "Juvenile Detention Facilities") from 1998 to 2010.  By way of their SAC, they allege generally that, while housed in those facilities, they were subjected to an entrenched culture of violence.  More specifically, Plaintiffs allege instances of both resident-on-resident violence and staff-on-resident violence in the form of "dipping" and "slamming," whereby Defendants willfully, maliciously, and systematically slammed, tackled, pushed, threw, tripped and/or dragged juveniles on or into solid surfaces and/or sprayed chemical irritants into the juveniles' faces.  Plaintiffs thus initiated this action seeking declaratory and injunctive relief and damages.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).

---

[4] The facts are taken, largely verbatim, from Plaintiff's SAC.  Compl., ECF No. 42.

A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight.

///

Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendants challenge Plaintiffs' SAC on various procedural and substantive grounds. First, Defendants contend that (1) Plaintiffs are improperly consolidating four individual cases, (2) Plaintiffs improperly added new Doe Defendants, and (3) Plaintiffs improperly refer to Don Meyer as a defendant even though he is no longer a party to this case. Next, Defendants object to the SAC on the merits. Defendants contend that (1) Plaintiffs' Due Process claims under the Fifth and Fourteenth Amendments are both subject to dismissal, (2) Plaintiffs' Monell claim is derivative of those claims and therefore fails with them, and (3) that Plaintiffs improperly seek punitive damages from immune Defendants.

A.   **Defendants' Procedural Objections**

1.   **Consolidation of Pleadings**

Defendants' first objection to Plaintiffs' SAC is that they improperly attempt to consolidate four individual cases into one case by consolidating their formerly separate Complaints in the *Shadd*, *Fields*, *Costa*, and *Ford* cases into one consolidated Complaint.

Prior to the consolidation of all four cases for pre-trial purposes, the FACs in the *Shadd*, *Fields*, *Costa*, and *Ford* cases were before three different Judges. On April 15, 2013, Defendants County of Sacramento, Speirs, and Meyer filed motions to dismiss Plaintiffs' FACs in each of the four cases. On June 19, 2013, after the filing of the four motions to dismiss, this Court consolidated the *Shadd*, *Fields*, *Costa*, and *Ford* cases for pre-trial purposes. Order, ECF No. 28. Defendants' motion to dismiss the *Shadd* FAC, which, unlike in the three other cases, was initially filed before this Court. ECF No. 14. This Court subsequently granted Defendants' motion to dismiss the *Shadd* FAC without prejudice on August 23, 2013. ECF No. 41. No order has been issued in response to Defendants County of Sacramento, Speirs, and Meyer's motions to dismiss Plaintiffs' FACs in the *Fields*, *Costa*, and *Ford* cases. Plaintiffs therefore included amended versions of the allegations from their *Fields*, *Costa*, and *Ford* FACs in their SAC rather than filing four separate amended complaints for each case, thus consolidating the previously separate complaints into one pleading. See Compl., ECF No. 42. Defendants now object on the grounds that Plaintiffs are improperly attempting to consolidate all four cases into one case in violation of FRCP 15.

Because this Court has broad discretion in consolidating cases that involve a common question of law or fact, this Court rejects Defendants' objection to Plaintiffs' filing of one operative complaint on the basis of promoting judicial efficiency and convenience. This Court consolidated these cases for pretrial purposes at parties' request and ordered that all future filings should be made on the *Shadd* docket. See ECF No. 18-1. Accordingly, the consolidation issue has already been decided and Plaintiff's current pleading is proper.[5]

---

[5] Motions to Dismiss Plaintiffs' FAC in the *Ford*, *Costa*, and *Fields* cases were filed before other Judges prior to all four cases being consolidated for pre-trial purposes in the *Shadd* docket. Defendants' Motion to Dismiss Plaintiffs' FAC in the *Shadd* case was filed before this Court and was subsequently granted on 8/23/2013. See ECF No. 41. This Court's order consolidating the four separate cases for pre-trial purposes required that all future filings be made on the *Shadd* docket. Even if Plaintiffs should have asked for leave to amend their Complaint before including amended allegations in the *Ford*, *Costa*, and *Fields* cases in their SAC, this Court now finds that there was good cause to amend their original Complaints and consolidate their claims into one pleading.

6

While the Court is cognizant that it should not require consolidated pleadings if prejudice will result, In re Equity Funding Corp. of Am. Sec. Litig., 416 F. Supp. 161, 176-77 (C.D. Cal. 1976), no such prejudice has been shown here.  A single combined SAC for all four cases promotes judicial efficiency by allowing Defendants to object to claims made by Plaintiffs at one time.  Consolidation of the Plaintiffs' complaints will allow this Court to receive memoranda and hear argument directed to one coherent pleading.  Defendants' current argument is thus rejected.[6]

Pursuant to this Order, Plaintiffs may, but are not required to, file a Third Amended Complaint that consolidates their claims against Defendants in the *Shadd*, *Fields*, *Costa*, and *Ford* cases into one pleading.

### 2. Doe Defendants

Defendants County of Sacramento, Speirs, and Meyer also object to the SAC on the grounds that it attempts to add new Doe Defendants.  Plaintiffs' FAC in *Shadd* listed 16 named Defendants including members of probation staff who were identified by their last names (i.e. Probation Staff Wilbon).  See ECF No. 6.  However, in Plaintiffs' SAC, "DOES 1 TO 100" were added.  Compl., ECF No. 42.  Plaintiffs similarly added Doe Defendants to their *Ford*, *Costa*, and *Fields* complaints.  See id.  Plaintiff contends that their

> SAC does not identify any parties that were not previously identified in the FAC. Instead, the SAC merely re-labels Defendants who were previously identified as "probation staff" to individual Doe Defendants. Plaintiffs chose to proceed in this manner because the Court expressed concern that, in the FAC, "[o]ften, the alleged perpetrators of violence are unnamed and simply described as 'probation staff." (Order at 3:9-10.) In order to remedy this deficiency identified by the Court, Plaintiffs have provided more specificity by placing Doe Defendant placeholders where the name of unknown and unnamed Defendants would otherwise appear.

---

[6] While these four cases were consolidated for pretrial purposes, they remain separate, independent actions.  See, e.g., In re Equity Funding Corp. of Am. Sec. Litig., 416 F. Supp. at 176.  Defendants, of course, remain free to challenge further consolidation attempts (e.g., consolidation for trial purposes).

7

Opposition, ECF No. 49. Plaintiffs misconstrue this Court's statement. In its order dismissing Plaintiffs' FAC, this Court noted—as an example of how Plaintiffs failed to meet the pleading requirements of FRCP 8(a)(2)—that Plaintiffs often left unnamed the alleged perpetrators of violence-simply describing them as "probation staff." Plaintiffs did not name generic "probation staff" defendants in the FAC's caption. Compl., ECF No 6. Rather, Plaintiffs included vague factual allegations regarding unknown probation staff. This Court did not order Plaintiffs to replace the 16 named Defendants in the *Shadd* action—who were identified as by their last names (i.e. Probation Staff Wilbon)—with Doe defendants.

Plaintiffs now contend that the "SAC merely re-labels Defendants who were previously identified as 'probation staff' to individual Doe Defendants." ECF No. 49. However, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). Under FRCP 15, a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15. However, in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave, neither of which Plaintiff sought here. Id.

The allegations and claims for relief pled against the new Doe Defendants are accordingly dismissed.

### 3. Don Meyer

Defendants' last procedural argument is that any purported claims against Don Meyer, Chief Probation Officer of Sacramento County, should be dismissed. Mr. Meyer was named as a defendant in the FAC. ECF No. 6. However, the SAC, while it references "Defendant Meyer" in the factual allegations, does not include him as a named party. See Compl., ECF No. 42.

8

In their Opposition, Plaintiffs declined to respond to Defendant's instant argument taking the position that "Meyer is not even named as a party to this action." ECF No. 49. Because the Plaintiffs and Defendants are in agreement that Don Meyer is not a party to the SAC, Defendants' Motion is DENIED as moot. Should Plaintiffs file a Third Amended Complaint, they are instructed to strike all references to Meyer as "Defendant Meyer" if he is not named as a defendant in the action.

### B.    Defendants' Challenges on the Merits

#### 1.    Due Process Claims

Defendants contend that Plaintiffs' Due Process claims under the Fifth and Fourteenth Amendments are both subject to dismissal.

##### a.    Fifth Amendment

Defendants contend, and Plaintiffs concede, that the Defendants in this action are not subject to the Fifth Amendment due process clause because they are not federal government actors. ECF Nos. 47, 49; see Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment's due process clause only applies to the federal government and therefore cannot apply to a local law enforcement official). Plaintiffs state that they "voluntarily withdraw any reference or claim related to the Fifth Amendment." ECF No. 49. The Court dismisses Plaintiffs' Fifth Amendment due process claim without leave to amend.

##### a.    Fourteenth Amendment

Defendants also seek dismissal of Plaintiffs' Fourteenth Amendment claim because it does not specify which due process rights Plaintiffs believe Defendants violated.

While, in the FAC, Plaintiffs specifically alleged that Defendants interfered with their right to "familial and society companionship," Compl., ECF No. 6, in the SAC, they make no such allegations. See Compl., ECF No. 42. In their opposition, Plaintiffs clarify that their Fourteenth Amendment claim arises out of a "special relationship" and "state-created danger." ECF No. 49.

Even if that may be true, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1102 (C.D. Cal. 2006) (citing Broam v. Bogan, 320 F.3d 1023, 1026 n. 2 (9th Cir.2003).

Since, the SAC does not allege "special relationship" and "state-created danger" claims, Plaintiffs' Fourteenth Amendment due process claims are dismissed with leave to amend.

### 2. Monell Claims

It appears that Plaintiffs are alleging that Defendants created or condoned a violent youth detention center and should be liable under Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978). Monell claims are only valid against municipalities and individual defendants sued in their official capacity. See, e.g., Alston v. Cnty. of Sacramento, CIV S-11-2281 GEB, 2012 WL 2839825 at *7, n. 4  (E.D. Cal. July 10, 2012) report and recommendation adopted, 2:11-CV-2281 GEB GGH, 2012 WL 3205142 (E.D. Cal. Aug. 3, 2012) (noting that "individual, non-entity defendants cannot be liable on a Monell claim, because they are not municipal entities").

///
///
///
///

According to Plaintiffs, their Monell claim arises out of the due process violations discussed above. See Opposition, ECF No. 49. Accordingly, Plaintiffs Monell claim is derivative of those claims and fails with them.[7]

Plaintiffs' Monell claims are thus dismissed with leave to amend.

### 3. Punitive Damages

Finally, Plaintiffs' SAC seeks punitive damages under federal law. Compl., ECF No. 42. Defendants object on grounds that public entities are immune from punitive damages under 42 U.S.C. § 1983.

"Although a municipality may be liable for compensatory damages in § 1983 actions, it is immune from punitive damages under the statute. A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).

Both of Plaintiffs' claims against Defendants are based on liability under § 1983. As such, Plaintiffs may not seek punitive damages from Sacramento County nor from governmental officers sued in their official capacity. This Court dismisses Plaintiffs' claim for punitive damages against the County of Sacramento and all other Defendants sued in their official capacity.

///
///
///

---

[7] In addition, it is unclear against which Defendants Plaintiffs assert claims on the basis of Monell as Plaintiffs assert that both claims in the SAC are "against all Defendants." Plaintiffs included as defendants, the County of Sacramento, a municipality, as well as employees of the county in their official and individual capacities. In their opposition, Plaintiffs state that they "now attempt to clarify those [Monell] claims as being asserted against the County and 'all Defendants, in their official capacities.'" ECF No. 49. Should Plaintiffs file a Third Amended Complaint, any Monell claims should clearly state the basis for such claims and against whom they are asserted.

**CONCLUSION**

For the reasons described above, Defendants' Motion to Dismiss (ECF No. 47) is GRANTED with leave to amend. All of Plaintiffs' claims in the *Shadd*, *Costa*, *Fields*, and *Ford* cases with the exception of their excessive force claim based on the Fourth and Fourteenth Amendments are dismissed. Plaintiffs' Denial of Due Process claims based on the Fifth and Fourteenth Amendments are dismissed. In addition, Plaintiffs' Monell claim is derivative of those claims and fails with them. Further, all allegations and claims for relief pled against Doe Defendants are dismissed. Finally, this Court dismisses Plaintiffs' claim for punitive damages against the County of Sacramento and all other Defendants sued in their official capacity. Plaintiffs must, in any amended complaint, clearly indicate which Plaintiffs, claims, and Defendants correspond to each of the four separate cases, and clearly identify them accordingly. If no amended complaint is filed within twenty-one (21) days of the date this order is electronically filed, the causes of action dismissed pursuant to this Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: December 3, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT