1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    MARVIN SHADD, et al.,                No.  2:12-cv-02834-MCE-KJN

12                    Plaintiffs,

13          v.                            **MEMORANDUM AND ORDER**

14    COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17          On December 27, 2013, Plaintiffs in four separate actions (hereafter collectively

18    "Plaintiffs") filed a consolidated Third Amended Complaint ("TAC") against the County of

19    Sacramento and employees of the Sacramento County Probation Office.  See Compl.,

20    Dec. 27, 2013, ECF No. 55.  On January 10, 2014, Defendant Ronald Earp ("Defendant

21    Earp" or "Earp") moved to dismiss Plaintiffs' claims against him.  Mot., ECF No. 57.  On

22    January 13, 2014, Defendants County Sacramento ("County") and Verne Speirs

23    ("Speirs") (collectively, "Defendants") also moved to dismiss the TAC.  Mot., ECF No. 59.

24    Finally, by way of a third Motion, fifteen of the individual Defendants also moved to strike

25    Doe Defendants from the TAC.  Mot., ECF No. 58.[1]

26    ///

27          [1] On January 10, 2014, Defendants Javier Arroyo, Carl Balls, Jose Cervantes, Marcos Diaz, Adam
      Frazier, Sean Hackett, Joseph Kuryllo, Michael Ocampo, Ronald Parker, Francisco Recinos, Carlos Smith,
28    James Terrell, Darlisha Wilbon and Andrew Young filed an Answer to the TAC.  See Answer, ECF No. 56.

                                              1

1    Plaintiffs allege claims for excessive force and due process violations under the

2  Fourth and Fourteenth Amendments.  Compl., ECF No. 55.  For the following reasons,

3  Defendant Earp's motion to dismiss, ECF No. 57, is DENIED, Defendants County and

4  Speirs' motion to dismiss, ECF No. 59, is GRANTED with leave to amend in part and

5  DENIED in part, and Defendants' motion to strike, ECF No. 58, is DENIED.[2]

6

7                              **BACKGROUND[3]**

8

9    Plaintiffs were youth residents in Sacramento County's Warren E. Thornton Youth

10  Center, Youth Detention Facility, and the Carson Creek Boys Ranch (collectively

11  "Juvenile Detention Facilities") between 1998 and 2010.  By way of their TAC, Plaintiffs

12  allege generally that, while housed in those facilities, they were subjected to a pervasive

13  culture of violence.  More specifically, Plaintiffs allege instances of staff-on-resident

14  violence in the form of "dipping" and "slamming," whereby Defendants willfully,

15  maliciously, and systematically slammed, tackled, pushed, threw, tripped and/or dragged

16  juveniles on or into solid surfaces and/or sprayed chemical irritants into the juveniles'

17  faces.  Plaintiffs allege that the instances of excessive force occurred at various times

18  during their confinement.  Plaintiffs thus initiated this action seeking declaratory and

19  injunctive relief and damages.

20    Plaintiffs' TAC includes claims originally brought in four separate actions, *Ford et.*

21  *al. v. County of Sacramento, et. al.* (Eastern District Case No. 2:12-cv-02837-WBS-

22  JFM); *Costa, et. al. v. County of Sacramento, et. al.* (Eastern District Case

23  No. 2:12-cv-02836-KJM-AC); *Fields, et. al. v. County of Sacramento, et. al.* (Eastern

24  District Case No. 2:12-cv-02862- KJM-CKD); and *Shadd, et. al. v. County of*

25  *Sacramento, et. al.* (Eastern District Case No. 2:12-cv-02834-MCE-KJM).  On June 19,

26

27    [2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g). See Minute Order, ECF No. 66.

28    [3] The facts are taken, largely verbatim, from Plaintiff's TAC.  Compl., ECF No. 55.

1    2013, this Court consolidated the aforementioned actions for pretrial purposes.  See

2    Order, ECF No. 28.  Plaintiffs' consolidated TAC alleges a claim for excessive force

3    under the Fourth & Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against the

4    various non-supervisory Defendants, as well as against  Defendant County, under

5    Monell, and against Defendant Speirs in his individual, supervisory capacity.  See TAC,

6    ECF No. 55 at 39-41.  Plaintiffs also allege a claim for denial of substantive due process

7    under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against Defendant

8    County and Defendant Speirs.  See id. at 41-42.

9

10                                        **STANDARD**

11

12          On a motion to dismiss for failure to state a claim under Federal Rule of Civil

13    Procedure 12(b)(6), all allegations of material fact must be accepted as true and

14    construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

15    Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

16    statement of the claim showing that the pleader is entitled to relief" in order to "give the

17    defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

18    Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

19    47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

20    detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

21    his entitlement to relief requires more than labels and conclusions, and a formulaic

22    recitation of the elements of a cause of action will not do."  Id. (internal citations and

23    quotations omitted).  A court is not required to accept as true a "legal conclusion

24    couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

25    (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a

26    right to relief above the speculative level."

27    //

28    //

1    <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal</u>

2    <u>Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the pleading must contain

3    something more than "a statement of facts that merely creates a suspicion [of] a legally

4    cognizable right of action.")).

5          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

6    assertion, of entitlement to relief." <u>Twombly</u>, 550 U.S. at 556 n.3 (internal citations and

7    quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

8    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

9    the nature of the claim, but also 'grounds' on which the claim rests." <u>Id.</u> (citing 5 Charles

10   Alan Wright & Arthur R. Miller, <u>supra</u>, at § 1202).  A pleading must contain "only enough

11   facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.  If the "plaintiffs . . .

12   have not nudged their claims across the line from conceivable to plausible, their

13   complaint must be dismissed." <u>Id.</u>  However, "[a] well-pleaded complaint may proceed

14   even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

15   recovery is very remote and unlikely.'" <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.

16   232, 236 (1974)).

17         A court granting a motion to dismiss a complaint must then decide whether to

18   grant leave to amend.  Leave to amend should be "freely given" where there is no

19   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

20   to the opposing party by virtue of allowance of the amendment, [or] futility of the

21   amendment . . . ." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Eminence Capital, LLC v.</u>

22   <u>Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to

23   be considered when deciding whether to grant leave to amend).  Not all of these factors

24   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

25   carries the greatest weight." <u>Id.</u> (citing <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183,

26   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

27   "the complaint could not be saved by any amendment." <u>Intri-Plex Techs. v. Crest Group,</u>

28   <u>Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing <u>In re Daou Sys., Inc.</u>, 411 F.3d 1006,

Case 2:12-cv-02834-MCE-KJN   Document 67   Filed 02/27/14   Page 5 of 14

1    1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

2    1989) ("Leave need not be granted where the amendment of the complaint . . .

3    constitutes an exercise in futility . . . .")).

4

5                                      **ANALYSIS**

6

7        Defendants challenge Plaintiffs' TAC on various procedural and substantive

8    grounds.  First, Defendants contend that: (1) Plaintiffs improperly included allegations

9    against Doe Defendants; and (2) Plaintiffs improperly added new previously unnamed

10   Defendants.  ECF Nos. 58, 59.  Second, Defendants object to the TAC on the merits

11   because: (1) Plaintiffs failed to plead facts sufficient to prove a fourth or fourteenth

12   amendment violation; (2) Plaintiffs failed to state a claim for relief against Defendant

13   Earp; and (3) Plaintiffs failed to satisfy the pleading requirements on their substantive

14   due process claim.  ECF Nos. 57, 59.

15           **A.      Defendants' Procedural Objections**

16                   **1.      Allegations against Doe Defendants**

17       In its prior Order, this Court found that Plaintiffs had improperly added new Doe

18   Defendants as parties in violation of Rule 15, and it thus dismissed all claims alleged

19   against the Does.  See Order, Dec. 6, 2013, ECF No. 54.  In their TAC, Plaintiffs still

20   included factual allegations against numerous Does, but did not name any Does as

21   parties.  Defendants assert that because this Court previously dismissed Doe

22   Defendants and the claims asserted against them, Plaintiffs improperly included

23   allegations against Does in its TAC, and the Court should therefore dismiss or strike

24   Plaintiffs' allegations against those Does pursuant to the Court's prior Order and Rule

25   15.  ECF Nos. 58, 59.

26       In their Opposition, Plaintiffs contend that they "are not suing 'Does' as fictitiously

27   named Defendants" and are instead "us[ing] the 'Doe' designation to refer to persons

28   whose names are not now known and whose real names will be inserted when

1   ascertained through discovery."  Opp'n, ECF No. 60 at 2.  In response, Defendants

2   concede that "[t]o the extent that [Plaintiffs' use of Does in their TAC] complies with the

3   Court's prior Order, Defendants will concede that point[,]" but nonetheless still request

4   that the Court strike references to Does within the factual allegations.  ECF No. 63 at 6.

5          Plaintiffs' use of Does to refer to persons whose names are not now known and

6   whose real names will be inserted when ascertained through discovery is proper.  In

7   keeping with this Court's prior order, all Does have been deleted as Defendants.  All

8   Plaintiffs have done at this point is assert factual allegations against individuals,

9   identified as Does, whose identities are still unknown.  This is permissible.  See Graziose

10  v. Am. Home Products Corp., 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are unknown

11  persons or entities, whose role is known, that fact should be expressed in the complaint,

12  but it is unnecessary and improper to include 'Doe' parties in the pleadings.  This in no

13  way precludes a party's right, upon learning of the participation of additional parties, to

14  seek to amend the complaint (or answer) and have the amendment relate back in time to

15  the original filing if the circumstances justify it."); see also Gillespie v. Civiletti, 629 F.2d

16  637, 642 (9th Cir. 1980).  Defendants' request to dismiss claims against Doe

17  Defendants, or in the alternative, to strike the Doe allegations as redundant, immaterial,

18  and impertinent, is thus DENIED.

19              **2.    Allegations against Newly Named Defendants**

20         Next, Defendants contend that Plaintiffs improperly added new named

21  Defendants to the TAC.  Specifically, Defendants contend that, without leave of the

22  Court, Plaintiffs impermissibly added Defendants Cervantes, Ballas, Lopez, and

23  Sanchez in the *Ford* action; Defendant Chow in the *Fields* action; and Defendants

24  Kuryllo and Parker in the *Costa* action.  ECF No. 59-1 at 4.  Plaintiffs do not respond to

25  this contention in their Opposition.  See generally Opp'n, ECF No. 62.

26         Under FRCP 15, a party may amend its pleading once as a matter of course

27  within 21 days after serving it or within 21 days after service of a responsive pleading.

28  Fed. R. Civ. P. 15.  However, in all other cases, a party may amend its pleading only

1    with the opposing party's written consent or the court's leave, neither of which Plaintiff

2    sought here. Id.  As Defendants note, Plaintiffs already exercised their right to amend

3    their Complaints to include new parties as a matter of course when they filed their First

4    Amended Complaints ("FACs") in each of the four underlying actions.  Thus, the

5    allegations and claims for relief pled against named Defendants in the TAC who were

6    not named as Defendants in Plaintiffs' FACs are improper and are accordingly

7    DISMISSED with leave to amend.

8         Plaintiffs are granted one final opportunity to file an amended complaint in this

9    matter.  Plaintiffs may (but are not required to) file a Fourth Amended Complaint not later

10   than twenty (20) days following the date this Order is electronically filed.  If Plaintiffs do

11   not timely file an amended Complaint, the allegations and claims for relief pled against

12   named Defendants in the consolidated TAC who were not also named as Defendants in

13   Plaintiffs' FACs, will be dismissed with no further leave to amend.  Should Plaintiffs

14   name any new Defendants who were not named as parties in the FACs, Plaintiffs must

15   either obtain the opposing parties' written consent or simultaneously move to amend

16   their Complaint with new named parties at the same time Plaintiffs file a Fourth

17   Amended Complaint.  If Plaintiffs include new named parties without complying with Rule

18   15, these new parties will be dismissed without leave to amend.

19        **B.      Defendants' Challenges on the Merits**

20             **1.      Excessive Force Claims**

21                  **a.      Sufficiency of Allegations**

22        Defendants seek dismissal of Plaintiffs' excessive force claims for failure to state

23   a claim.  Specifically, Defendants contend that Plaintiffs cannot recover for excessive

24   force against the County on the basis of Monell and against Defendant Spiers based on

25   supervisory liability because Plaintiffs have not adequately pled an underlying

26   constitutional violation.  ECF No. 59.  Although this Court previously dismissed Plaintiffs'

27   unnecessary, disproportionate and excessive force claim because the FAC did not

28   include sufficient and allegations of underlying facts to give fair notice and to enable the

1   opposing party to defend itself effectively, Plaintiffs' excessive force claims, as alleged in

2   its TAC Complaint, are sufficient under Rule 8(a).  Plaintiffs' allegations now include

3   additional facts and dates which, when viewed as a whole, give fair notice and enable

4   Defendants to defend themselves effectively.[4]  Compare, e.g., FAC, ECF No. 6 at 11

5   ¶ 49 with TAC, ECF No. 55 at 22 ¶ 125.  In viewing the allegations of the Third Amended

6   Complaint in the light most favorable to Plaintiffs, and considering the totality of the

7   circumstances, the allegations are sufficient at this stage of the proceeding.  Accordingly,

8   Plaintiffs have successfully stated a claim for excessive force.

9         Because Plaintiffs alleged sufficient facts to show an underlying constitutional

10   violation, Plaintiffs have also stated a cognizable Monell claim against the County of

11   Sacramento, as well as a cognizable supervisory liability claim against Speirs on the

12   basis of the use of excessive force.  The facts pled in Plaintiffs' TAC allow the Court to

13   infer that a reasonable trier of fact, after discovery, could find that Defendant Speirs was

14   aware of and failed to act on constitutional violations regularly practiced by the

15   Sacramento County Juvenile Hall.  See, e.g., Bock v. Cnty. of Sutter, 2:11-CV-00536-

16   MCE, 2012 WL 3778953, at *9, 11 (E.D. Cal. Aug. 31, 2012) ("Given the early stage of

17   this litigation, in which the facts are not fully developed, the Court declines to hold that

18   Plaintiffs cannot plausibly show that the above policies, procedures or customs amount

19   to deliberate indifference.").  Thus, Defendants motion to dismiss Plaintiffs' excessive

20   force claims because Plaintiffs failed to plead sufficient facts establishing an underlying

21   constitutional violation is DENIED.

22                    **b.      Constitutional Source of Plaintiffs' Excessive Force
                                Claims**
23
         Defendants also seek dismissal of Plaintiffs' excessive force claims because
24
     Plaintiffs failed to identify which allegations correspond to their respective claims under
25
     the Fourth and Fourteenth Amendments.  "In most instances, [the specific constitutional
26
     _____
27         [4] Although many of Plaintiffs' allegations remain vague as to when they occurred, Plaintiffs need
     not cite specific dates of each incident alleged.  See Morris v. Fresno Police Dep't, 08-CV-01422-OWW-
     GSA, 2010 WL 289293, at *11 (E.D. Cal. Jan. 15, 2010) (noting that "Rule 8 [does not] impose an
28   obligation on [Plaintiff] to plead the specific date of the incident").

1    right infringed] will be either the Fourth Amendment's prohibition against unreasonable

2    seizures of the person, or the Eighth Amendment's ban on cruel and unusual

3    punishments, which are the two primary sources of constitutional protection against

4    physically abusive governmental conduct."  Graham v. Connor, 490 U.S. 386, 393-94

5    (U.S. 1989).  When dealing with claims brought by adults, excessive force to effect an

6    arrest is analyzed under a Fourth Amendment standard, while excessive force to subdue

7    a convicted prisoner is analyzed under an Eighth Amendment standard.  See Whitley v.

8    Albers, 475 U.S. 312, 318–326 (1986); Tennessee v. Garner, 471 U.S. 1, 7-22 (1985).

9    However, claims of excessive force during pretrial detention are analyzed under the due

10   process clause of the fourteenth amendment.  See Gibson v. Cnty. of Washoe, Nev.,

11   290 F.3d 1175, 1197 (9th Cir. 2002); see also Graham, 490 U.S. at 395 n.10.

12        "The Supreme Court has not announced the appropriate federal standards by

13   which to judge state juvenile detention facility conditions."  Gary H. v. Hegstrom, 831

14   F.2d 1430, 1431-32 (9th Cir. 1987).  Indeed, "[t]he Circuits are split on which provision

15   applies to claims by juveniles who are in custody."  Reply, ECF No. 63 at 4 (internal

16   citations omitted).  Thus, although Defendants contend that Plaintiffs cannot prevail on

17   both their Fourth and Fourteenth Amendment claims and that they must now choose one

18   or the other, given the uncertain state of the law and the difficulty in determining from a

19   pleading alone the precise status of each juvenile Plaintiff at the time of each alleged

20   incident set forth in the TAC, the Court concludes that, under the facts of this particular

21   case, Plaintiffs' allegations are sufficient to withstand Defendants' current Motion.[5]  See

22

23        [5] Defendants do not cite any authority for the proposition that, even if Plaintiffs may not ultimately recover under both theories, Plaintiffs may not proceed under both the Fourth and Fourteenth Amendment for now.  Thus, although Defendants may very well be correct in asserting that Plaintiffs may not prevail on both bases for a single allegation, given sheer number of allegations made by the juvenile Plaintiffs in this

24   case, it is unreasonable for the Court to require that Plaintiffs definitively plead the status of each Plaintiff at the time of each alleged incident.  See Land v. City of Dover, CIV.07-160-LPS, 2007 WL 4205977, at *3

25   (D. Del. Nov. 26, 2007) (noting that "[a]nother factor weighing against dismissing Plaintiffs' claims at this early stage is the difficulty inherent in determining when an arrest, governed by the Fourth Amendment,

26   ends and when a pretrial detention, governed by the substantive due process requirement of the Fourteenth Amendment, begins.");  see also United States v. Johnstone, 107 F.3d 200, 207 (3d Cir. 1997)

27   (noting that "[w]here [a] seizure ends and pre-trial detention begins is a difficult question.").  This information is not necessary at this time for Defendants to prepare a defense.

28

1    generally Phelps v. Coy, 286 F.3d 295, 300 (6th Cir. 2002) ("[I]f a plaintiff is not in a

2    situation where his rights are governed by the particular provisions of the Fourth or

3    Eighth Amendments, the more generally applicable due process clause of the

4    Fourteenth Amendment still provides the individual some protection against physical

5    abuse by officials."). Cf. Cramer v. Deem, 2007 WL 2071882, at *1–3 (M.D. Pa. July 19,

6    2007) (permitting plaintiffs, under different circumstances, to prosecute an excessive

7    force claim under Fourth and Fourteenth Amendments); Bieros v. Nicola, 860 F. Supp.

8    226, 231-32 (E.D. Pa. 1994) (allowing plaintiff's excessive force claim under Fourth and

9    Fourteenth Amendments to move forward where plaintiff's status, as arrestee or pretrial

10   detainee, at time of alleged use of excessive force was unclear).

11         While it may ordinarily not be a challenge to identify the status of an individual

12   when allegations of excessive force took place and a court may therefore require that

13   this information be pled in the first instance, here, where Plaintiffs allege a pervasive

14   culture of violence upon juveniles, it is reasonable to conclude that such instances of

15   alleged excessive force may have taken place under circumstances giving rise to both

16   Fourth and Fourteenth Amendment claims.  Indeed, Plaintiffs alleged in their TAC that

17   the incidents of excessive force "occurred and resulted in their injury at various times

18   during their confinement."  TAC, ECF No. 55 at 39.  That is all that is required at this

19   time, and Defendants' Motion to Dismiss on this basis is DENIED without prejudice.[6]

20              **2.     Claim against Defendant Earp**

21         Defendant Ronald Earp, a member of the Sacramento County Probation

22   Department staff, argues for dismissal for failure to state a claim as well.  Mot., ECF

23   No. 57.  According to the TAC, Defendant Smith instructed Earp not to sound an alarm

24   while Smith, who had climbed on top of Plaintiff Quinones, punched the back of

25   Quinones' head with his fists.  Compl., ECF No. 55 at 23-24, ¶ 131.  Plaintiffs allege that

26
          [6] "Plaintiffs anticipate that through discovery the dates . . . [of] the incidents will be ascertained, at
27   which time Plaintiffs will move to amend."  TAC, ECF No. 55 at 39.  Upon discovering the dates, and
     therefore, in all likelihood, the status of each Plaintiff at the time of each alleged incident of excessive
28   force, Plaintiffs will be able to identify for the purpose of the remaining proceedings which specific
     constitutional source that provides for relief in that specific instance.

1    the alarm is sounded when there is a physical altercation in the Juvenile Hall and that

2    the alarm was ultimately pulled only after Smith slapped the back of Quinones' head.  Id.

3    Defendant Earp argues that the limited factual assertions against him show that his

4    participation was de minimis and that simply being asked by a third party not to sound an

5    alarm does not rise to the level of a constitutional violation.

6          Plaintiff Quinones' allegations, as pled, meet the minimum requirements to satisfy

7    Rule 8(a).  Construing the TAC in the light most favorable to Plaintiff Quinones, it is

8    reasonable to infer that Earp had the opportunity to intervene and prevent Smith's

9    alleged use of excessive force against Plaintiff Quinones.  Thus, if Defendant Smith is

10   liable for excessive force, Earp may be liable as well.  See, e.g., United States v. Koon,

11   34 F.3d 1416, 1447 n. 25 (9th Cir.1994), rev'd on other grounds, 518 U.S. 81 (1996).  In

12   this instance, whether the actual amount of force applied was excessive under the

13   circumstances is a question of fact not appropriate for determination at this point in the

14   proceeding.  Defendant Earp's motion to dismiss, ECF No. 57, is DENIED.

15                    **3.      Due Process Claims**

16        In their First Amended Complaint ("FAC"), Plaintiffs alleged that Defendants

17   interfered with their due process right to familial association.  Compl., ECF No. 6.  In

18   their SAC, Plaintiffs did not specify which due process rights Plaintiffs believe

19   Defendants violated.  See Compl., ECF No. 42.  However, Plaintiffs now allege due

20   process violations on the basis of both the "special relationship" and "state-created

21   danger" theories.  See Compl., ECF No. 55 at 41-42.  Defendants object on the basis

22   that the special relationship and state-created danger theories are not viable when a

23   public entity and its employees are the ones who allegedly caused Plaintiffs' harm.  ECF

24   No. 59-1.

25        "The general rule is that a state is not liable for its omissions.  In that vein, the

26   Fourteenth Amendment's Due Process Clause generally does not confer any affirmative

27   right to governmental aid, even where such aid may be necessary to secure life, liberty,

28   or property interests."  Patel v. Kent Sch. Dist., 648 F.3d 965, 971 (9th Cir. 2011)

1   (citations and alterations omitted).  The special relationship and state-created danger

2   theories are exceptions to the general rule that the Fourteenth Amendment's Due

3   Process Clause typically "does not impose a duty on the state to protect individuals from

4   third parties."  Id. at 971 (citations and alterations omitted) (emphasis added).  Thus,

5   these exceptions are applicable where a party alleges that state action affirmatively

6   placed an individual in a position of danger and the government failed to protect that

7   individual from harm by third parties or another private source.  See, e.g., Henry A. v.

8   Willden, 678 F.3d 991, 1002 (9th Cir. 2012).  The special relationship exception applies

9   "when a custodial relationship exists between the plaintiff and the State such that the

10  State assumes some responsibility for the plaintiff's safety and well-being."  Id. at 998.

11  The state-created danger theory applies "when the state affirmatively places the plaintiff

12  in danger by acting with 'deliberate indifference' to a 'known or obvious danger.'"  Patel,

13  648 F.3d at 971-72 (internal citation omitted).  Here, Plaintiffs do not base their

14  substantive due process claims on alleged harm inflicted by a third party or from another

15  private source.  Instead, Plaintiffs contend that harm inflicted by state actors themselves

16  provides a basis for their substantive due process claims using these two exceptions.

17  See Opp'n, ECF No. 62 at 13-19.

18          Plaintiffs cite several cases to support the proposition that the state-created

19  danger theory may be applied where a public entity and its employees were the ones

20  who inflicted the harm.  However, in none of these cases did the courts address the

21  question of whether harm caused by state actors such as the Defendants could provide

22  the basis for relief.  As Defendants note, neither theory has been applied in excessive

23  force cases where the Defendant officers were the ones who allegedly caused the harm.

24  The Court is not aware of any Ninth Circuit cases, and Plaintiff has not cited any,

25  applying either exception in the context of a prisoner's claims for harm caused directly by

26  state actors.  See, e.g., Henry A. v. Willden, 678 F.3d 991, 1002 (9th Cir. 2012)

27  (emphasis in original) (noting that "the [state-created danger] doctrine only applies in

28  situations where the plaintiff was directly harmed by a third party"); Love v. Salinas, 2:11-

12

1  CV-00361-MCE, 2013 WL 4012748, at *7 n. 5 (E.D. Cal. Aug. 6, 2013) (stating that the

2  state-created danger "exception . . . only applies in situations where a state actor,

3  though not inflicting an injury himself, created or enhanced the danger to the plaintiff

4  resulting in harm inflicted by a third party or originated from another 'private' source")

5  (internal citations omitted).

6         Absent Ninth Circuit authority permitting relief under the state-created danger or

7  special relationship exceptions in the context of a prisoner's claims for harm caused

8  directly by state actors, Plaintiffs may not rely on either exception under the facts

9  alleged.  Defendants' Motion to Dismiss Plaintiffs' substantive due process claim to the

10  extent it depends on the above theories is GRANTED.  Plaintiffs are granted one final

11  opportunity to file an amended complaint in this matter.  Plaintiffs may (but are not

12  required to) file a Fourth Amended Complaint not later than twenty (20) days following

13  the date this Order is electronically filed.  If Plaintiffs do not timely file an amended

14  Complaint, Plaintiffs' substantive due process claim based on the special relationship

15  and state-created danger exceptions will be dismissed with no further leave to amend.

16

17                                    **CONCLUSION**

18

19         For the reasons described above, Defendant Earp's Motion to Dismiss, ECF

20  No. 57, is DENIED; Defendants' Motion to Strike, ECF No. 58 is DENIED; and

21  Defendants' Motion to Dismiss, ECF No. 59, is GRANTED in part and DENIED in part

22  with leave to amend.  Thus, Plaintiffs are granted one final opportunity to file an

23  amended consolidated Complaint in this matter.  Plaintiffs may (but are not required to)

24  file an Fourth Amended Complaint not later than twenty (20) days following the date this

25  Order is electronically filed.

26         If Plaintiffs do not timely file an amended Complaint, the allegations and claims for

27  relief pled against named Defendants in the consolidated TAC who were not also named

28  as Defendants in Plaintiffs' FACs will be dismissed with no further leave to amend, and

1   Plaintiffs' claim for denial of substantive due process based on the special relationship

2   and state-created danger exceptions will also will be dismissed with no further leave to

3   amend.  Should Plaintiffs name any new Defendants in their Fourth Amended Complaint

4   who were not named as parties in the FACs, Plaintiffs <u>must</u> either obtain the opposing

5   parties' written consent or simultaneously move to amend their Complaint with new

6   named parties <u>at the same time</u> Plaintiffs file a Fourth Amended Complaint.  If Plaintiffs

7   include new named parties without complying with Rule 15, these new parties <u>will be</u>

8   <u>dismissed</u> without leave to amend.  Plaintiffs must, in any amended complaint, clearly

9   indicate which Plaintiffs, claims, and Defendants correspond to each of the four separate

10  cases, and clearly identify them accordingly.

11         If no amended complaint is filed within twenty (20) days of the date this order is

12  electronically filed, the causes of action and parties dismissed pursuant to this Order will

13  be dismissed without leave to amend and with no further notice to the parties.

14         IT IS SO ORDERED.

15  Dated:  February 26, 2014

16

17

18  _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE
19  UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28