UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN SHADD, et al., | No. 2:12-cv-2834-MCE-KJN |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Following several motions to dismiss, this case presently involves excessive force claims, as well as related supervisory liability and <u>Monell</u> claims, by previously-juvenile plaintiffs that were housed at the Sacramento County Juvenile Hall.

Presently pending before the court is plaintiffs' motion to compel defendant County of Sacramento to provide further responses to numerous requests for production of documents, interrogatories, and requests for admission. (ECF No. 73.) The motion was noticed for hearing on August 14, 2014, and the parties filed their joint statement regarding the discovery disagreement on August 7, 2014. (ECF Nos. 73, 76.) For the reasons discussed below, the court denies the motion to compel without prejudice based on the parties' failure to properly meet and confer regarding their discovery dispute pursuant to Federal Rule of Civil Procedure 37 and Local Rule 251.

////

1  Federal Rule of Civil Procedure 37 provides, in part, that: "On notice to other parties and
2 all affected persons, a party may move for an order compelling disclosure or discovery. The
3 motion must include a certification that the movant has in good faith conferred or attempted to
4 confer with the person or party failing to make disclosure or discovery in an effort to obtain it
5 without court action." Fed. R. Civ. P. 37(a)(1). Furthermore, Local Rule 251(b) provides that a
6 discovery motion:

7
8
9
10
11
12
> shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

13 E.D. Cal. L.R. 251(b).

14  In this case, the parties essentially concede in their joint statement that they had not had
15 any substantive meet-and-confer conference or discussions, but had merely each drafted its own
16 portion of the joint statement. This is readily apparent from a review of the parties' 95-page joint
17 statement and accompanying declarations, which concern an unnecessarily numerous amount of
18 discovery requests and reflect a significant amount of misunderstanding and failure to
19 communicate between the parties. While the court does not hesitate to resolve truly legitimate
20 discovery disputes, the court declines to referee the parties' multitude of discovery issues, which
21 the parties themselves have not even adequately discussed or refined.

22  Regardless of the contentiousness of the litigation, the parties are required to conduct
23 themselves with civility and mutual cooperation in discovery. Thus, it is the court's expectation
24 that, prior to bringing a discovery motion for resolution by the court, the parties have conducted a
25 good faith, substantive, and meaningful informal conference(s) regarding the issues presented,
26 preferably in person, or at a minimum, by teleconference. Merely exchanging letters or leaving
27 voicemails is not sufficient.
28 ////

Furthermore, although the court does not reach the substance or merits of the discovery motion, and issues no definitive ruling as to any particular matter, the court finds it appropriate to make a few general observations to guide the parties' future meet-and-confer discussions.

At an initial glance, it seems that some of the discovery requests may be overbroad given the claims remaining in the case, as well as the timing of the events at issue in the litigation. On the other hand, it also appears that many, if not all, of defendant's privacy and confidentiality concerns regarding production of juvenile and other records could be addressed by virtue of an appropriate stipulated protective order.[1] Furthermore, the court generally looks with disfavor on objections and resulting disputes as to vagueness and ambiguity. Any vagueness and ambiguities can readily be clarified in the meet-and-confer process, with responses provided based on such clarification. Finally, to the extent that a party opts to produce documents in lieu of answering interrogatories pursuant to Federal Rule of Civil Procedure 33(d), the court trusts that the parties will be able to work cooperatively in a proper meet-and-confer session to resolve any concerns regarding which records or subsets of records are responsive to particular interrogatories, without involving the court in such essentially logistical matters.

After exhausting a good faith and meaningful meet-and-confer process, and if any legitimate issues remain after careful consideration of the court's observations above, the parties may bring those issues to the court for resolution by a properly noticed motion. However, the parties are cautioned that if the court finds that either or both parties have been unreasonable or obstructive with respect to a particular issue(s), the court may impose sanctions on the offending party or parties.

In lieu of formal motion practice, and to save time and expense, the parties may also consider requesting an informal telephonic conference regarding their discovery dispute. Such a telephonic conference must be requested in accordance with the procedure outlined in the undersigned's "Order re Informal Telephonic Conferences re Discovery Disputes," which is

---

[1] The parties are advised that the court is disinclined to perform *in camera* review of a voluminous amount of documents to determine potential relevance. *In camera* review, if found appropriate at all, will generally be limited to a very discreet set of documents for which such review is truly necessary.

published on the court's website.[2]  However, even when parties elect to proceed by virtue of an informal telephonic conference, the court may still impose sanctions if it finds that any party failed to adequately meet and confer, or engaged in some other type of discovery abuse.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiffs' motion to compel (ECF No. 73) is denied without prejudice.

Dated:  August 11, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/.